**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CRIMINAL ACTION NO. 07-98-JBC**

**UNITED STATES OF AMERICA,**                                      **PLAINTIFF,**

**V.**              **MEMORANDUM OPINION AND ORDER**

**LARRY WAYNE RIDDELL,**                                        **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on United States Magistrate Judge Edward B. Atkins's report and recommendation (R. 163) on Larry Riddell's motion to vacate under 28 U.S.C. § 2255 (R. 141). Riddell has filed objections to the report and recommendation (R. 164). Having reviewed the motion, Judge Atkins's recommendation, Riddell's objections, and the record, the court will deny Riddell's motion because it is procedurally defaulted.

The court adopts Section I of Magistrate Judge Atkins's report and recommendation, which discusses the relevant facts and procedural history, as the opinion of the court and incorporates it by reference.

It is, however, unnecessary to determine whether Riddell can challenge an order for restitution under 28 U.S.C. § 2255, or whether Riddell can properly be held liable for restitution to Walgreens Corporation and Mead Johnson Corporation because Riddell's challenge is procedurally defaulted. Riddell did not object to the imposition of restitution for Walgreens and Mead Johnson at his sentencing, arguing only that the restitution to Roche Diagnostics was improper. Likewise, he

did not raise the issue of restitution to Walgreens and Mead Johnson on appeal, again choosing to challenge only the order of restitution in the amount of $532,493 to Roche Diagnostics.  In order to proceed on his § 2255 challenge, therefore, Riddell "must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains," *U.S. v. Frady*, 456 U.S. 152, 167 (1982), or that he is actually innocent.  *See Napier v. United States*, 159 F.3d 956, 959 (6th Cir. 1998).  Riddell cannot clear this threshold for proceeding on his § 2255 claim.

First, Riddell cannot prove, and is not arguing, that he is actually innocent.  Second, Riddell fails to provide sufficient legal cause for his failure to raise the issue of restitution to Walgreens and Mead Johnson at sentencing or on appeal.  His sole argument on this point is that he repeatedly asked his counsel to argue against restitution to Walgreens and Mead Johnson on the same grounds as those he argued against restitution to Roche Diagnostics, and that his counsel either did not understand what he was saying or otherwise chose to ignore him.  This argument, however, is not only insufficient legal cause for his failing to raise these points at sentencing or on appeal, *see Napier* at 961; *Bousley v. U.S.*, 523 U.S. 614, 622-623 (1998) (discussing what constitutes sufficient legal cause), but is also undermined by Riddell's own statements.  Upon being given the chance to speak on his own behalf at the sentencing hearing, Riddell did not object to the imposition of restitution, despite the fact that his counsel had already admitted that some restitution was appropriate.  He did not mention restitution as a concern at

all; rather, he chose to speak of the evidence against him and to attempt to excuse his actions. Thus, his claim in his motion that his cause for failing to raise this argument at trial or on appeal is merely that his lawyer went against his express wishes is insufficient. Since Riddell cannot even meet this threshold, it is unnecessary to determine whether the imposition of restitution has resulted in "actual prejudice" as that term has been defined by the courts. Riddell's § 2255 claim is procedurally defaulted.

Accordingly, the court **ORDERS** as follows:

(1) Section I of the report and recommendation (R. 163) is **ADOPTED** as the opinion of the court.

(2) Riddell's motion to vacate (R. 141) is **DENIED**, for the reasons discussed above.

Signed on March 6, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY